Richard F. Kuhnen, J.
This is a motion for summary judgment under CPLR 3213 based upon an instrument for the payment of money only.
The instrument is written on a personalized check form of the Endicott Trust Company. The names of the defendants William R. Van Dusen and Betty Van Dusen are printed at the top of the form and the signatures of these defendants appear at the bottom right hand corner. The name of the bank and account number are crossed out. The remainder of the form is filled in as a check would be and is payable to the order of Frank Kaminsky in the amount of $12,000. It is dated December 31, 1972 and the following notation appears at the lower left hand corner — "Note — 6% Int.”
The individual defendants claim that they did not sign as makers but are only liable as guarantors for the corporate defendant who is primarily liable. The corporate defendant has moved for summary judgment dismissing the action against it on the face of the instrument.
The instrument is a negotiable demand instrument governed by the provisions of the Uniform Commercial Code. (See Uniform Commercial Code, § 3-108.)
Subdivision (2) of section 3-403 of the Uniform Commercial Code states in part:
"An authorized representative who signs his name to an instrument
"(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;”
Thus, the individual defendants are personally liable on the instrument and parol evidence is inadmissible to disestablish this obligation. (See Uniform Laws Comment following section.)
On the other hand, since the signature of the corporate defendant does not appear upon the instrument it is not liable on the instrument to the payee. (Uniform Commercial Code, *835 § 3-401.) However, this section does not necessarily resolve the rights as between defendants.
Judgment for plaintiff in the amount of $12,000 with interest from December 31, 1972 against defendants William R. Van Dusen and Betty Van Dusen. Defendant Van Dusen Roofing Company, Inc., shall have judgment against plaintiff dismissing the action.